```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

LORRIE A. TIBERIO,

                   Plaintiff,               11-CV-6098

          v.                             **DECISION**
                                          **and ORDER**

ALLERGY ASTHMA IMMUNOLOGY OF
ROCHESTER

                  Defendants.

```
_____
```

     Plaintiff, Lorrie A. Tiberio ("Plaintiff"), brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12201 *et seq* and the New York State Human Rights Law, Executive Law §§ 290 *et seq.*, claiming discrimination on the basis of a disability. Plaintiff's Complaint was filed on February 28, 2011. (Docket #1).

     Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff failed to file her complaint within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), as required under the ADA. See Def. Mem. of Law at 2 (citing) See Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d 706, 713 (2d Cir. 2001). Plaintiff opposes Defendant's Motion and argues that her Complaint was timely, because the right to sue letter was not received by Plaintiff's counsel until November 29, 2010. Therefore, Plaintiff argues, the

90 day time computation begins on the 29th of November and ends on February 27th (a Sunday), making her Complaint filed on Monday, February 28, 2011 timely.

Plaintiff admits that if one computes the time from the date of the right to sue letter, November 24, 2010, her Complaint was filed on the 96th day. However, she states, the time to file a Complaint is measured from the date of Plaintiff's receipt of the right to sue letter. See Pl. Mem. of Law at 3. Further, because November 24th was the day before Thanksgiving, and because Plaintiff's attorney does not receive mail on Saturdays, and her attorney did not actually receive the right to sue letter until November 29, 2010, she argues that her Complaint is timely.

Plaintiff correctly asserts that the time to file a complaint is measured from the date the Plaintiff <u>receives</u> the right to sue letter. See <u>Isaacson v. New York Organ Donor Network</u>, 405 Fed. Appx. 552, 2011 WL 13467, **1 (2d Cir. 2011). Plaintiff, however, overlooks the fact that to determine when a document was received, this Circuit employs a presumption that a document is received three days after it is mailed. <u>Id</u>. Further, a right to sue letter is presumed to be mailed on that date listed on the document. See <u>Molnar v. Legal Sea Foods, Inc.</u>, 473 F.Supp.2d 423, 429-30 (2d Cir. 2007). Accordingly, this Court will presume that Plaintiff received the letter on November 27, 2010, as Plaintiff has not submitted proof to the contrary. Proof that Plaintiff's counsel

received the letter on November 29, 2010 is inapposite.  Further, the fact that November 25th was a legal holiday will also not affect the time computation, as the Federal Rules of Civil Procedure specify that weekends and legal holidays are included in time computations. Fed. R. Civ. P. 6(a).

Therefore, as Plaintiff is presumed to have received the document on November 27, 2010, Plaintiff was required to file her Complaint by February 25, 2011 for it to be timely.  Plaintiff did not file her Complaint until February 28, 2010.  Accordingly, Plaintiff's ADA claim is dismissed with prejudice.

This Court also declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.  See Isaacson 2011 WL 13467, at **2. Accordingly, Plaintiff's Complaint is hereby dismissed with prejudice in its entirety.


ALL OF THE ABOVE IS SO ORDERED.

                          s/ Michael A. Telesca
                            MICHAEL A. TELESCA
                         United States District Judge

Dated:   Rochester, New York
        May 26, 2011